## COMMONWEALTH *vs.* EPHRAIM P. VERY.

A sale of intoxicating liquor to the agent of an undisclosed principal may be alleged in an indictment or complaint as a sale to the agent.

If two persons go together to a shop and each ask for half a pint of liquor, which is delivered to each one in his separate bottle, it is a separate sale of liquor to each, although one at the request of the other pays for both.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for an illegal sale of intoxicating liquors to Lydia Ann Brown.

At the trial in the court of common pleas, before *Perkins,* J., Brown testified as follows : " I went to the defendant's shop, and there bought a half pint of rum. I called for it, and Sarah M. Carey, who went with me, paid for it. She asked the defendant if he had any rum ; he said he had. She told him she wanted a half pint. I told him I would take the same. He drew it ; we paid for it, and went off. I passed him the bottle ; he filled my bottle, and passed it back to me. I had a bill ; Sarah had the change. I asked her if she would pay, and she said she would, and did." On cross-examination the witness testified that the defendant took Carey's bottle and filled that first, and then took the bottle of the witness and filled that, and each bottle was delivered separately to each ; that she could not swear that the defendant heard the witness request Carey to pay ; and that the liquor was all bought for Mrs. Phipps, who furnished the money for the same, and the liquor bought by each was delivered to Mrs. Phipps ; but the defendant had no knowledge of the fact that any person but themselves had anything to do with the purchase of the liquor.

Upon this evidence the defendant requested the court to instruct the jury that they would not be warranted in finding that any sale was made to Lydia Ann Brown, as charged in the complaint. But the court instructed the jury that, upon the facts, as the evidence tended to show them, which occurred in the presence of this defendant, the jury would be justified in finding a sale of half a pint of rum to the witness. The defendant, being found guilty, alleged exceptions.

*W. D. Northend,* for the defendant. The facts do not prove a sale to Brown. The purchase was for Phipps with her money. Brown and Carey went as her agents, and together called for and received rum, which Carey paid for. Either Carey was the responsible agent with whom the defendant dealt, or Carey and Brown jointly.

*S. H. Phillips,* (Attorney General,) for the Commonwealth, cited *Commonwealth* v. *Kimball,* 7 Met. 308; *Commonwealth* v. *Remby,* 2 Gray, 508; *Commonwealth* v. *McGuire,* 11 Gray, 460.

THOMAS, J. This case is settled by that of *Commonwealth* v. *Kimball,* 7 Met. 308. The facts show separate sales to Brown and Carey. *Exceptions overruled.*