## COMMONWEALTH *vs.* JOHN HOGAN.

On an indictment for being a common seller of intoxicating liquors, evidence that the defendant with three other persons played cards together for liquor under an agreement that the losing party in each game should treat for that game, and that they severally lost games and treated accordingly, the defendant furnishing the liquor for the treats, is competent evidence of three distinct sales, although no payment was made during the playing.

INDICTMENT for being a common seller of intoxicating liquors. At the trial in the superior court, before *Devens*, J., Philip Harrison testified that in February 1867, he and one Buckley went to the defendant's dwelling-house, and joined the defendant and one Reagan there in playing cards for drinks. There were seven games of cards and seven treats. The defendant lost the first two games and treated twice. Of the other five games Harrison and Buckley each lost two, and Reagan lost one, and severally treated with liquor, Harrison and Buckley each twice and Reagan once. The liquor for these five treats, being either gin or whiskey, was furnished by the defendant. After the games were over, the witness paid the defendant eighty cents for the liquor for the two treats made by the witness, and then went away, leaving Buckley and Reagan at the house. Nothing was paid to the defendant till the playing was finished.

The defendant requested the judge to instruct the jury tha "if the parties played together for the drinks, the defendant

being one of them, and there was no settlement or payment till after the playing was concluded, it could not be regarded but as a single transaction of sale."

But the judge refused so to do; and did instruct the jury that if they were satisfied beyond reasonable doubt that the defendant furnished intoxicating liquor on the contract to be paid for it by the loser, so that Harrison was liable to pay for the liquor furnished on the two occasions when he lost, Buckley on the two occasions when he lost, and Reagan on the occasion when he lost, it would constitute several sales by the defendant, although the party played together without interruption from the time they began until they finished. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. Delano,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

HOAR, J. The agreement being that the losing party in each game should pay the defendant for the intoxicating liquor furnished by him at the close of that game, each of the three, Harrison, Buckley and Reagan, who were losers, became severally bound to the defendant to pay him for the liquor furnished on his account. As it was furnished on an agreement to pay for it, the actual payment was immaterial and not necessary to make the sale in each case complete. There was therefore competent evidence of three distinct sales. Harrison, Buckley and Reagan were not jointly responsible to the defendant for the liquor which each of the three agreed to pay for if he were a loser. *Exceptions overruled.*