CHIEF JUSTICE LINDSAY
delivered the'opinion oethe court.
These cases bring up for determination the question of the constitutionality of the act of the general assembly, approved January 26, 1874, entitled “An act to regulate the sale of spirituous, vinous, and malt liquors in the commonwealth/’ commonly known as the “local-option law.”
After mature deliberation and a most thorough and careful examination of all the authorities bearing on this subject, the *488 members of the court find themselves unable to agree on some of the questions directly and necessarily connected with the main question in issue.
We unanimously hold that the sale by retail of intoxicating liquors may be constitutionally regulated; and that in localities where, in the opinion of the legislature or of its constitutionally organized agencies, the peace and good order of society so require, license to carry on the retail traffic may be refused altogether.
We also agree that the question of license or no license, is one properly of local police, and may be constitutionally left to the decision and discretion of the lawfully-created agencies representing and acting for the local public to be immediately affected by the retail liquor traffic, such as the county courts, and the municipal authorities of towns and cities. And further, that the legislature may create other agencies to determine this local question, and that it is no constitutional objection to the agencies created by the act under consideration that they are composed of the body of the qualified voters of the city, town, or civil district in which the necessary steps may be taken to test the sense of such voters on the subject of such retail traffic.
But Chief Justice Lindsay and Justice Elliott are of opinion that so much of the 6th section of the act as provides that the unlawful sale of liquors in cities, towns, and districts, in which the qualified voters have pronounced against license, shall be punished by different and greater penalties than are inflicted by the general laws on persons so selling in other portions of the state, and so much of the 7th section as makes the guilt or innocence of a physician who prescribes liquors to his patients depend on the vote of the people, are unconstitutional and void.
They are also of opinion that said provisions are so interwoven, and made material parts of the act, that they can not *489 be rejected as void, and the remaining provisions upheld and enforced, without disregarding what seems to them to have been the 'manifest intention of the legislature. That is, that the act and all its various provisions should stand together and be enforced, outside and independent of the general legislation on the subject of the retail traffic in intoxicating liquors. For these reasons they are constrained to hold that the entire act should be declared invalid.
But Justices Pryor and Cofer are of opinion that said sections and all their provisions are properly and legitimately connected with and made parts of the act, and are not subject to the constitutional objections suggested by the Chief Justice and Justice Elliott.
It results therefore that the act must be treated as constitutional ; and as we perceive no available error in the proceedings in these cases in the lower courts, the judgments appealed from must be affirmed.