## J. W. SARRLS *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 7—473.]

**Power of Legislature to Prohibit Sale of Liquor.**

While the legislature has the power to regulate the sale of liquors to be used as a beverage, or to prohibit its sale for that purpose altogether, it can not exercise that power so arbitrarily as to prohibit the use or sale of it as medicine. The legislature has the power to prohibit the sale of liquors to be used as a beverage only because the health, peace and order of society require it.

**Instructions.**

In the trial of a person charged with unlawfully selling and giving to another spirituous, vinous and malt liquors without license, under the Act of April 8, 1882, Ch. 916, it is error for the court to refuse an instruction asked for that "if the jury believe from the evidence that the defendant was at the time of letting Stewart have the whiskey, a practicing physician within the limits of the town of New Castle, and in good faith prescribed the whiskey to said Stewart as a medicine, they must find for the defendant."

APPEAL FROM HENRY CIRCUIT COURT.

October 31, 1885.

OPINION BY JUDGE LEWIS:

The offense charged in the indictment in this case is unlawfully selling and giving to another person spirituous, vinous and malt liquors without license within the corporate limits of the town of New Castle, said liquors as charged not being necessary to the person to whom they were alleged to have been sold or given as medicine nor prescribed by a physician for that purpose.

The indictment was found under an act of the general assembly entitled "An act prohibiting the selling, lending or giving of spirituous, vinous or malt liquors to any person or persons within the corporate limits of the town of New Castle in Henry county, Ky., and within the distance of three miles of the courthouse in said town," approved April 18, 1882. See Acts 1882, ch. 916.

By § 1 of the act it is provided "that it shall be unlawful for any person or persons to sell, lend, or give to any other person or persons spirituous, vinous, or malt liquors, in any quantity whatever within the corporate limits of the town of New Castle, or within the limits of three miles of the courthouse in said town, except as hereinafter provided." By the same section the penalty for each violation is a fine of $60. Section 3 provides that spirituous, vinous and malt liquors may be kept and prescribed as a medicine when necessary as such, and for no other purpose, by a physician within the limits mentioned; and such physician or physicians shall record in a book or books to be kept by him or them for said purpose every prescription made with the date, quantity prescribed and the name of the person prescribed for, etc. The failure to do so is made a misdemeanor punishable by a fine of $60.

The first ground relied on for reversal of the judgment of conviction, that we will notice, is that the act is unconstitutional, because, as counsel contends, it confers upon physicians residing within three miles of the courthouse in New Castle special privileges to the exclusion of all others, whether they be physician or not.

We do not think §3 of the act can be fairly construed to confine the privilege of keeping and prescribing liquors as medicine, when necessary as such, to physicians residing within the limits mentoned, if it be a privilege in the meaning of the Bill of Rights, or to make it a misdemeanor for one residing within such limits to do so. The act by its terms is operative, and a violation of its provisions can be committed only within a prescribed boundary. But in our opinion the immunity conferred upon physicians is no more restricted to those of that profession who actually reside there than the penalties enforced are restricted to resident violators of the act.

It is unquestionably true that by the terms of the act it is made unlawful for any person besides a physician to sell, lend or give to any other person spirituous, vinous or malt liquors in any quantity whatever within the boundary mentioned, except that a parent may give liquor to his child or a guardian to his ward. Therefore the necessary effect of the act standing alone, stating the proposition in the strongest language, is that physicians may exercise a privilege or right denied to all others except a parent or guardian,

and enjoy immunity from what, if done by others, is a misdemeanor.

The social order, health and security of a local community may in the opinion of the legislature require that the selling or giving of spirituous, malt or vinous liquors to be used as a beverage be prohibited, as to which, as well as any other subject affecting the health or morals of a community, that department of the government has the power to determine. It is not inconsistent with that object to authorize the sale of liquors as medicine when necessary for that purpose. On the contrary, while the legislature has the power to regulate the sale of liquors to be used as beverage, or to prohibit its sale for that purpose altogether, it can not exercise that power so arbitrarily as to prohibit the use or sale of it as medicine.

But it is no exercise of arbitrary power or the grant of an exclusive privilege to any man or set of men, in the sense the term is used in the Bill of Rights, to restrict the right of prescribing liquors purely as medicine to a profession peculiarly fitted to determine when it should be so used, and of which any person who may qualify himself has the constitutional right to become a member.

In the case of *Anderson v. Commonwealth,* 13 Bush (Ky.) 485, referred to by counsel, when the validity of what is called the "Local Option Law" was considered, this court, though divided in respect to the constitutionality of some of the provisions of that statute, used this language: "We unanimously hold that the sale by retail of intoxicating liquors may be constitutionally regulated; and that in localities where, in the opinion of the legislature or of its constitutionally organized agencies, the peace and good order of society so require, license to carry on the retail traffic may be refused altogether."

The act under consideration, it is true, does not operate in a locality defined by the boundary of the city, town or civil district, nor do we deem it essential to its validity that it should, especially as it was made to take effect from its passage without submission to the voters affected by it.

It will be perceived by reference to the case of *Anderson v. Commonwealth* that one of the grounds upon which the two judges holding the local option act invalid based their objection was that the 7th section made the guilt or innocence of a physician who prescribes liquors to his patients depend on the vote of the people. By that act physicians, it is true, are not permitted to sell liquors,

but the exclusive right is given to druggists to sell for medicinal purposes on a prescription made and signed by a regularly practicing physician. Yet no member of the court objected to the act upon the ground that the exclusive privilege was thereby granted to druggists or physicians.

If the legislature has the power at all to prohibit the sale of intoxicating liquors by retail it exists alone because the health, peace and order of society require it. Upon that ground alone this court without dissent has heretofore decided it may be exercised. But there being no reason therefor, the power of the legislature to prohibit the prescription and sale of liquors to be used as medicine does not exist, and its exercise would be as purely arbitrary as the prohibition of its sale and use for religious purposes.

In our opinion, therefore, § 3 of the act in question, instead of granting an exclusive privilege as the word is used in the Bill of Rights, is merely exceptional and, so far from being in violation, is in fact conservative of the constitutional rights of the people.

But we think the lower court erred in giving and refusing instructions. The court at the instance of the commonwealth gave an instruction, and also gave the converse of it on its motion. But as there is little difference in the legal meaning of the two, both being improper, we will quote only the latter, which is as follows: "If the jury believe from the evidence that the defendant was at the time of letting Stewart have the whisky a practicing physician within the limits of the town of New Castle, and in good faith prescribed the whisky to said Stewart as a medicine, and then recorded the same in a book kept for the purpose, giving the name of the person, time and quantity prescribed, they must find for the defendant." Counsel for the defendant then asked for the following instruction, which was refused: "If the jury believe from the evidence that the defendant was at the time of letting Stewart have the whisky a practicing physician within the limits of the town of New Castle, and in good faith prescribed the whisky to said Stewart as a medicine, they must find for the defendant."

By § 3 of the act it is required of a physician who keeps and prescribes liquors as medicine to record in a book kept by him for the purpose every prescription so made and given, with the date, etc. But his failure to do so is made a distinct offense of which he may be convicted and fined the same amount that is pre-

scribed for selling when the liquor is not to be used as medicine. He is indicted in this case for unlawfully selling, lending and giving liquors, not for the offense of failing to record in a book kept by him the prescriptions made and given by him.

Evidently the object of the legislature in requiring the prescriptions recorded was to guard against the sale of liquor by physicians to be used as a beverage and not as a medicine, and whether the defendant in this case in good faith prescribed the liquor sold to Stewart as a medicine when necessary as such was the only question for the jury to determine, and if he did so then he was not guilty, although he failed to record such prescription in a book kept for the purpose. The mischief the legislature intended to guard against is the sale by physicians of liquor in bad faith not to be used as medicine; and whenever it appears from the record kept by the physician, which may or may not be conclusive, or is proved otherwise, that he has in good faith prescribed or sold or given liquors as a medicine, his defense is made out, for it may be that a physician is able to exhibit a book in which the prescription is recorded in a given case though he has sold the liquor to be used merely as a beverage, while on the other hand he may in good faith prescribe or sell or give liquor as medicine, and still be liable to the penalty for failing to record the prescription.

The practical effect of the instruction given was to require the defendant to exculpate himself from an offense not charged in this indictment. The instructions asked by the defendant and refused embodies the law and presents the sole issue and should have been given. Judgment *reversed* for a new trial and further proceedings according to this opinion.