### AMANDA BURKE v. ISAAC BURKE.

[Abstract Kentucky Law Reporter, Vol. 7—441, 454.]

**Consideration in Deed May be Shown by Parol Evidence.**
> It may always be proved by parol what the real consideration in a deed is and that it is different from that expressed in the deed.

**Resulting Trust in Real Estate.**
> Where real estate is owned by tenants in common and, being subjected to a debt, is sold through another to one of the tenants, who takes title in himself, a trust results and he will be held to hold the estate in trust for all of the tenants in common.

### APPEAL FROM OWEN CIRCUIT COURT.

December 15, 1885.

OPINION BY JUDGE LEWIS:

The statements of the petition in this case are, in substance, that the father of appellant, then about nine years of age, and of appellee having previously purchased and partially paid for the tract of land in controversy, on August 15, 1856, caused his vendor to convey it to them and to their mother, the latter having only a life estate therein; that in consideration of the conveyance appellee agreed to pay the balance unpaid of the purchase-price, amounting to $83, and also a debt of James Trabue & Co. amounting to $140, which the father owed, and that he accepted the deed under that agreement; that appellee failed to pay off the debts as he agreed, and in consequence thereof an action was instituted by the creditors and judgment rendered therein subjecting the land, and it was sold to satisfy the debts, Grover becoming the purchaser, who a short time thereafter conveyed it to appellee.

It is further stated that the appellant and her father lived on and cultivated a portion, about one-half, of the land and occupied the dwelling-house, she claiming one-half thereof as her own, until the death of her father in May, 1883, and that appellee for many years

after the conveyance admitted appellant's title to an undivided half of the land. But recently and more particularly since the death of their father, appellee has set up claim to the whole of it. Appellant therefore asks that the deed from Grover to appellee be canceled and the land be equally divided between her and appellee.

The consideration expressed in the deed from Gayle to Mary Burke is $350, paid and secured to be paid by Isaac Burke, appellee, a lien on the land being retained to secure the payment of $83 unpaid. But it has been well settled that it may be proved by parol that there is an additional or different consideration from that expressed in the deed. Besides the consideration expressed in the deed in this case is the one that passed from the original purchaser, the father of appellant and appellee, to the vendor, Gayle, and not the one which induced the father to cause the land to be conveyed to them instead of to himself.

If it be true, as stated in the petition, that appellant agreed, in consideration of the conveyance by Gayle to himself of an undivided half of the land, to pay off the two debts, it is manifest it was subjected and sold by reason of his failure to comply with that agreement, and his subsequent purchase from Grover should not therefore be held as enuring exclusively to his benefit or as securing to him the right to the entire tract to the exclusion of appellant. But taking the facts stated in the petition as true, which may be established by oral testimony, they are sufficient, according to the doctrine announced by this court as well as by other authority to create a resulting trust. He should therefore be regarded as holding an undivided one-half of the land in trust for her, particularly as according to the statements of the petition she has been in the continuous possession of and claiming one-half the land, and he has acquiesced in and never disputed her right thereto, until after the death of their father in 1883.

In our opinion the facts stated in the petition are sufficient to constitute a cause of action and entitle appellant to one-half the land, and the court erred in sustaining a general demurrer to the petition and amended petition. Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. W. Greene, for appellant.*

*Evan E. Settle, for appellee.*