<hr />

CASE 44—INDICTMENT—NOVEMBER 10.

## Stickrod v. Commonwealth.

86   285
123   255

APPEAL FROM FLEMING CIRCUIT COURT.

1. LOCAL OPTION.—" An act to prohibit the sale of spirituous, vinous and malt liquors in the county of Fleming," which provides that it shall not apply "to the sale from a distillery in the county by the owner thereof, or his agent, at any one time, in a quantity not less than ten gallons, and then not to be drunk on the premises where sold," repeals as to that county section 3 of article 2, chapter 106 of the General Statutes, which confers upon distillers the privilege of selling at their residences n quantities not less than a quart.

2 SAME—TITLE OF ACT.—An act to prohibit the *sale* of liquor is not unconstitutional because in the body of the act it is made unlawful also to *give* or *loan* spirituous, vinous or malt liquors. But even if such an act be unconstitutional in so far as the body of the act varies from the title, so much of the act as makes the *sale* of liquor unlawful is still in force, and one indicted for an unlawful *selling* can not call in question the validity of the act because of variance between the title and the body of the act.

3. THE LEGISLATURE MAY REGULATE THE SALE BY RETAIL OF INTOXI-CATING LIQUORS as a beverage, and an act to prohibit the sale may be applied to a single county, civil district or other described territory, and its operation made to depend in each case upon the popular will expressed at the polls by voters to be immediately affected by it.

4. A PROHIBITORY LIQUOR LAW may be constitutionally applied to the sale of liquor manufactured by the seller before the passage of the law.

5. UNDER THE POLICE POWER TO PROHIBIT THE SALE OF LIQUOR BY RETAIL the Legislature may, in its wisdom, fix ten gallons as the minimum quantity that can be lawfully sold at one time.

W. J. HENDRICK, G. A. CASSIDY, CASSIDY & McCARTNEY FOR APPELLANT.

1. It being lawful to manufacture and sell whisky, a subsequent act forbidding the sale is unconstitutional as to the sale of any whisky then made and on hand. (Constitution of Ky., art. 13, secs. 3 and 20; Constitution of U. S., secs. 9 and 10; Walker v. Whitehead, 16 Wall., 314; Gilpke v. Dubuke, 1 Wall., 175; Havemeyer v. Iowa, 3 Wall., 327; Mitchell v. Bailington, 4 Wall., 275; Olscott v. The Supervisors, 16 Wall., 678; Lapsley v. Brashear, 4 Litt., 36.)

2. The act under which the penalty is attempted to be enforced is unconstitutional because there is more than one subject-matter, and because of the variance between the body of the act and the title. (Jones v. Thompson, 12 Bush, 394; Rushing v. Sabree, 12 Bush, 199; Allen v. Hall, 14 Bush, 85.)

3. A privilege to sell not less than ten gallons is an exclusive privilege forbidden by the Constitution. (Commonwealth v. Ballou, 13 Bush, 210; Gordon v. Building Association, 12 Bush, 111; Commonwealth v. Whipps, 80 Ky., 269; Smith v. Warden, 4 Ky. Law Rep.; Barbour v. Board of Trade, 82 Ky., 645.)

W. A. SUDDUTH AND J. H. POWER FOR APPELLEE.

1. An act of the Legislature does not violate sec. 37, art. 2 of Constitution, when its provisions are not foreign to the subject expressed in the title and have a natural connection. (Gayle v. Owen County, 83 Ky.; Commonwealth v. Edinger, MS. Op., Dec. 10, '85.)

2. Privilege to distillers to sell in quantities not less than ten gallons is not the grant of an exclusive privilege and in violation of the Constitution. (Sarrls v. Commonwealth, 7 Ky. Law Rep., 473; Cooley's. Const. Limitations, p. 489; Blair v. Kilpatrick, 40 Ind., 315.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Under "an act to prohibit the sale of spirituous, vinous and malt liquors in the county of Fleming," approved April 19, 1886, appellant was indicted and convicted for selling spirituous liquor in quantity less than ten gallons. He was at the time of his alleged

offense a distiller, and the first question to be considered is, whether the act had the effect to repeal as to that county section 3, article 2, chapter 106, General Statutes, which is as follows :

"Distillers of ardent spirits have the privilege of selling at their residence any spirits of their own manufacture in quantities not less than a quart, but not to be drunk on the premises."

We quote the following sections of the act :

"§ 1. That it shall be unlawful for any person or persons to sell, barter, give, loan or traffic in spirituous, vinous or malt liquors, in any quantity whatever, within the county of Fleming, except as hereinafter provided ; and all laws or parts of laws authorizing the county judge of said county, or the trustees of any town within said county, to grant a license to retail spirituous, vinous or malt liquors, are hereby repealed.

"§ 2. This act shall not apply to the procuring or use of wine for sacramental purposes, or to a regular resident practicing physician who, in good faith, prescribes the same as medicine to his patient or patients, or to the sale from a distillery in the county by the owner thereof, or his agent, at any one time in a quantity not less than ten gallons, and then not to be drank on the premises where sold, or premises adjacent thereto.

"§ 3. Nor shall this act, or its provisions, apply to those who give or furnish spirituous, vinous or malt liquors to a member or members of their own family, or their invited guests at their own household."

Section 4 provides, that "any person violating the provisions of the first section of this act, unless within

the exceptions named in the second and third sections, shall be fined for each offense," etc.

By the terms of the section of the General Statutes quoted, a *distiller* has the privilege of selling at his residence any liquor of his own manufacture in quantity not less than a *quart* at one time. But the first section of the act we are considering makes it unlawful for *any person* to sell, barter, give, loan or traffic in liquor of *any quantity whatever*, within the county of Fleming, except as provided in sections two and three; and the condition upon which a distiller is authorized by the second section to sell, give or loan is, that it shall be done only at his distillery, and in quantity not less than ten gallons at one time.

Language more comprehensive and explicit could not be well employed to express legislative intent to regulate the sale and gift of liquor in Fleming county exclusively by the act in question.

It is true that only such existing laws as authorize licenses to retail spirituous, vinous and malt liquors, are in terms repealed by section one, and if no more special reference was made elsewhere in the act to distillers who were not, previous to its passage, required to obtain licenses to sell, we would have to decide they were not affected thereby. But if they were not intended to be made subject to the act, and thereafter permitted to sell within that county only in the manner and upon the conditions prescribed by it, the words of section 2 relating to them can have no proper or any operation at all, and must, contrary to a well-settled and necessary rule of construction, be altogether disregarded.

In our opinion that section of the General Statutes, to the extent it permits the sale in Fleming county of liquor by a distiller in quantity less than ten gallons, is within the purview of, repugnant to, and consequently must be held repealed by, the local act.

The cases of Webb v. Commonwealth, 7 Ky. Law Rep., 299, and Robinson v. Commonwealth, 7 Ky. Law Rep., 453, decided by the Superior Court, have no bearing on this. The question in those cases was, whether an act passed in 1884 as an amendment to article 2, chapter 92, title Revenue and Taxation, General Statutes, operated to repeal the section we are considering, which is a part of chapter 106.

The object of the act of 1884 was to supply an omission by the Legislature to require tavern-keepers, merchants and coffee-house keepers to obtain and pay tax for licenses before selling liquors. And as that act made no reference whatever to distillers, the Superior Court properly decided it was not intended to take from them the privilege expressly conferred of selling without license.

We will now consider the grounds upon which it is argued the act is invalid.

1. The sections following those we have quoted contain provisions for the enforcement of the act, punishment for its violation, and submission to the voters of the county the question whether it shall become operative, all of which have a natural and direct connection with the subject of it as expressed in the title.

The only seeming disregard of the requirement of section 37, article 2 of the Constitution is, that while it is entitled an act to prohibit the *sale*, it is in the

body made unlawful also to *give* or *loan* spirituous, vinous or malt liquors in Fleming county. But in Commonwealth v. Edinger, decided December 10, 1885, 7 Ky. Law Rep., 441, it was held by this court such a variance did not render an act like this unconstitutional. Appellant is, however, not in an attitude to call in question the validity of the act for that reason, having been indicted, not for giving or loaning, but for unlawfully selling. And, therefore, even if the act was invalid in that particular, it would still be a complete law, and the provisions he is charged with having violated still in force, because not open to constitutional objection.

2. The power of the Legislature to constitutionally regulate the sale by retail of intoxicating liquors as a beverage, and when, in its opinion, the peace, health and order of society require it to refuse altogether to license retail traffic in it for that purpose, has been recognized by this court. (Anderson v. Commonwealth, 13 Bush, 483.) It has been also held that an act to prohibit the sale may be applied to a single county, civil district or other described territory, and its operation may, in each case, be made to depend upon the popular will expressed at the polls by voters to be immediately affected by it. (Commonwealth v. Weller, 14 Bush, 218; Sarrls v. Commonwealth, 83 Ky., 327.)

The act in question must, therefore, be held valid, unless it goes beyond the limits of the police power of the State, and violates some constitutional guaranty.

It appears that the particular whisky appellant was indicted for selling was manufactured by him at his distillery before the act was passed, and consequently, as

his counsel argue, his right to sell it, in the manner authorized by law existing when it was made, being vested, can not be taken from him or impaired by the act.

In the language of Chief Justice Shaw in Commonwealth v. Alger, 7 Cush. (Mass.), 84: "All property is held subject to those general regulations which are necessary to the common good and general welfare. Rights of property, like all other social and conventional rights, are subject to such reasonable limitations in their enjoyment as shall prevent them from being injurious, and to such reasonable restraints and regulations established by law as the Legislature, under the governing and controlling power vested in them by the Constitution, may think necessary and expedient. This is very different from the right of eminent domain—the right of the government to take and appropriate private property whenever the public exigency requires it, which can be done only on condition of providing a reasonable compensation therefor."

Upon the principle that every one is bound to so use his own as not to injure others is based the police power of the State to restrain, punish for and abate nuisances. And as of necessity the power is vested in the Legislature to determine and provide by law against what shall be deemed hurtful to individuals or to society, and, therefore, a nuisance, whether it be committed by selling liquor by retail or otherwise, the courts are not authorized to intervene except when the power is exercised arbitrarily and in clear violation of the Constitution. As said in the case just referred to, "it is much easier to perceive and realize the existence and soucre of

this power than to mark its boundaries or provide
limits to its exercise.''

No question of the right of property, nor of impair-
ing the obligation of contracts, in the meaning of the
Constitution, as argued by counsel, arises in the passage
or enforcement of what is called a prohibitory liquor
law, for each person affected by it has acquired what-
·ever property in liquor he may have, whether purchased
or manufactured by him, and holds it subject to such
regulations and restrictions as to the sale of it by re-
tail, to be used as a beverage, as the Legislature may
consider it necessary for the health, peace and good
order of society to adopt.   It is, therefore, manifest
that the reason for such legislation, so far from toler-
ating, forbids discrimination between those who may
acquire liquor before, and those who do so subsequent
to its enactment.

There is a wholesome statute prohibiting the sale of
spirituous, vinous or malt liquor to a minor, and another
prohibiting such sale to a known inebriate.   Although
no one would question the power of the Legislature to
make those statutes upon their passage applicable to all
persons alike, and to the sale of liquor without regard
to the time of its manufacture, still the argument could
have been made by a person having it on hand at the
respective dates of them, that he had a vested right to
use and to sell it just as it is argued in behalf of appel-
lant.   In a prosecution for a violation of either of those
statutes the defendant might have contended that while
the Legislature had the power to prohibit a manufac-
turer of liquor selling to a minor or inebriate what
should be thereafter made by him, he might with im-
punity sell to them that already owned by him.

The argument in this case is, that while those who manufacture liquor after the passage of the act cannot lawfully sell in Fleming county in quantity less than ten gallons, all persons may sell that previously manufactured by them, by the quart, for an indefinite length of time, depending upon the supply on hand, or the ability of the Commonwealth in any given case to prove the new and not the old liquor was sold.

It seems to us that the power of the Legislature to prohibit the sale by retail being conceded, the fact that the whisky sold by appellant was manufactured by him before the passage of the act, cannot avail as a defense in this case.

It is contended that the act, in limiting the quantity that may be sold or purchased at one time to ten gallons, grants exclusive privileges, inasmuch as many may not have the means of buying or selling that much at one time.

Whether the Legislature has the power to prohibit altogether the manufacture and sale of liquor by wholesale, is a question not now presented. But under the police power to prohibit the sale by retail, it seems to us the Legislature may, in its wisdom, fix ten gallons as the minimum quantity that can be lawfully sold at one time, and the courts cannot call in question such exercise of power, for with the policy or expediency of such legislation they have nothing to do.

The theory of prohibitory liquor laws is, that by the purchase as well as sale of liquor by retail, in the language of the preamble to an act of the Legislature, passed in 1820, "industry is checked, purses are drained, constitutions are destroyed, families are distressed, and the people are demoralized."

It cannot, therefore, be said that a question of privilege arises when a statute is passed having for its object the prevention of such calamitous consequences. Judgment affirmed.